UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOBARI BLACKWELL,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EVERETT POLICE DEPARTMENT,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 25-10528-BEM<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**MURPHY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 30, 2025

　　*Pro se* plaintiff Lobari Blackwell brings this action against the Everett Police Department concerning criminal charges issued against him arising from a December 18, 2024 traffic stop. Blackwell has also filed two motions for leave to proceed *in forma pauperis*, a "Motion for Injunction to Lawfully Arrest," and a motion to amend his complaint. For the reasons set forth below, the Court will grant the motions for leave to proceed *in forma pauperis*, deny the other motions, and direct Blackwell to file an amended complaint.[1]

**I.　　Motions for Leave to Proceed *in Forma Pauperis***

　　Upon review of Blackwell's motions for leave to proceed *in forma pauperis*, the Court concludes that he has shown that he is unable to pay the $405 filing fee. Accordingly, the Court GRANTS the motions.

**II.　　Review of the Complaint**

　　Because Blackwell is proceeding *in forma pauperis*, the Court may conduct a preliminary review of his complaint and dismiss any claim that is malicious or frivolous, fails to state a claim

---

[1] Blackwell has also filed a motion for leave to file electronically, Dkt. 6, which the Court will grant by separate order.

upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes Blackwell's complaint because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### A. Blackwell's Allegations

The body of Blackwell's complaint consists almost solely of recitations of state and federal law and legal conclusions. Any factual material within the body of the complaint is without context. Blackwell included with his pleading a criminal complaint issued against him indicating that he was arrested on December 18, 2024, and criminally charged for failing to stop for the police in violation of M.G.L. ch. 90, § 25, and for failing to identify himself to law enforcement in violation of M.G.L. ch. 89, § 4A. Dkt. 1-4 at 2. He also included a copy of the motion to dismiss he filed in the criminal action. The Court takes judicial notice that the electronic docket of the criminal action, *Commonwealth v. Blackwell*, 2450CR002344 (Malden Dist. Ct.), indicates that the case was closed on February 21, 2025, upon the Commonwealth's voluntary dismissal of the charges.[2]

In the proposed pleading attached to his motion to amend, Blackwell provides a summary of his claim:

> Plaintiff was unlawfully apprehended without facts nor affirmation of a crime in opposition of the Fourth Amendment and Held Without Due Process in Opposition of the Fifth, Thirteenth and Fourteenth Amendment, after being compelled to

---

[2] The electronic docket sheet of *Commonwealth v. Blackwell*, 2450CR002344 (Malden Dist. Ct.) is available to the public through the website www.masscourts.org (last visited June 25, 2025). The Court may take judicial notice of this document. *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

> identify oneself in opposition of the Fifth Amendment by Officials of Everett Police Department in the City of Chelsea.

Dkt. 8-1 at 2 (citation modified).

### B. Discussion

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement should be plain because the principal functions of pleadings are to (1) give defendants fair notice of the basis for the claims against them so that they may respond, *see Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013), and (2) allow the Court to determine whether the complaint contains sufficient factual allegations, which, treated as true, allow the Court to reasonably infer that the plaintiff is entitled to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 679 (emphasis added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2) in second quotation).

Here, Blackwell's complaint does not contain a "plain" statement of his claim. The complaint is replete with recitations of laws, but it contains very little factual material concerning the alleged actions which give rise to this action. Any understanding of Blackwell's claim comes almost entirely from the exhibits to his complaint. While exhibits are permissible, they are not a substitute for clearly setting forth the factual basis of a claim within the body of the complaint. It

is not the responsibility of the Court or the defendant to stitch together material in the body of the complaint and the exhibits in an effort to understand Blackwell's claim.  Rather, it is incumbent on Blackwell to set forth, in a clear and coherent manner, the factual basis of his claim within the body of his complaint.

In the absence of a "plain" statement of his claim, Blackwell's complaint does not show that he is entitled to relief.

### C. Filing of an Amended Complaint

If Blackwell wishes to pursue this lawsuit, he must file an amended complaint in which he clearly sets forth the factual basis of his claim.  In other words, he must identify the alleged misconduct of each defendant, such that a defendant and the Court can identify and understand his claim.  Further, the factual material, treated as true, must show that he is entitled to relief under a cognizable theory of liability.  *See Pell v. Nuñez*, 99 F.4th 1128, 1133 (9th Cir. 2024) ("A failure to state a claim may result from the lack of a 'cognizable legal theory' or from 'an absence of sufficient facts alleged to support a cognizable legal theory.'" (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010))).

In addition, Blackwell cannot bring a claim against the "Everett Police Department."  A claim concerning wrongdoing by the police department of a municipality must be asserted against the municipality itself (here, the City of Everett).  The police department is not a separate, suable entity.  Further, to the extent that Blackwell wishes to bring claims of constitutional violations by the City of Everett, he must plausibly plead that (1) an employee of the City of Everett violated his constitutional rights; and (2) the execution of a "policy or custom" of the City of Everett was the "moving force" behind the employee's violation of his constitutional rights.  *Salvidar v.*

*Racine*, 818 F.3d 14, 20 (1st Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).[3]

The amended complaint will completely supersede the original complaint, and the Court will review the sufficiency of the pleading without reference to documents previously filed in this action.

### III.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1)   The motions for leave to proceed *in forma pauperis*, Dkts. 2, 5, are GRANTED.

2)   If Blackwell wishes to pursue this action, he must, within twenty-eight (28) days, file an amended complaint.

3)   The motion for an injunction, Dkt. 7, is DENIED.

4)   The motion to amend, Dkt. 8, is DENIED as moot in light of the Court's directive to file an amended complaint.

IT IS SO ORDERED.

/s/ Brian E. Murphy
United States District Judge

---

[3] Of course, Blackwell may bring claims of constitutional violations directly against individual employees of the City of Everett whose own alleged misconduct violated his constitutional rights.